IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
EQUILLA BRYANT o/b/o        )
TRESHEEK BURROUGH,          )
                            )
                Plaintiff,  )
                            )
vs.                         )    Case No. 06-1305-WEB
                            )
MICHAEL J. ASTRUE,[1]       )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
                Defendant.  )
_____)
```

RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying Equilla Bryant
supplemental security income disabled child payments on behalf of
Tresheek Burrough, her minor son.  The matter has been fully
briefed by the parties, and has been referred to this court for a
recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.

---

     [1]On February 12, 2007, Michael J. Astrue was sworn in as the
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
Astrue is substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C. §
405(g), no further action is necessary.

§ 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

**II.  History of case and applicable legal standards for review of case once child has been previously found to be disabled**

Tresheek Burrough, the plaintiff, was awarded supplemental security income disabled child payments beginning in July 2000 based on an articulate expressive language delay.  His impairment was found to functionally equal listed impairment 111.09A because of an extreme limitation in his ability to communicate.  In March 2004 it was determined that plaintiff's condition had improved, and plaintiff's mother was informed that his benefits would cease (R. at 13).  Plaintiff's mother appealed this initial determination.

When a child has previously been found to be disabled, continued eligibility for benefits must be reviewed periodically. The steps in this process are as follows: (1) Has there been medical improvement in the child's condition?  If there has been no medical improvement, the child is still disabled.  If there has been a medical improvement, the agency proceeds to step two. (2) Does the child's impairment(s) still meet or equal the severity of the listed impairment that it met or equaled before? If it does, the child is still disabled.  If the impairment no longer meets or equals the severity of the listed impairment, the agency proceeds to step three.  (3) Is the child currently disabled?  20 C.F.R. 416.994a(a,b) (2006 at 991-992).

Plaintiff concedes that he is no longer disabled by virtue

3

of listing 111.09A under which he was initially determined to be disabled (R. at 375-376; Doc. 7 at 3).   Therefore, the question to be addressed by the agency is whether plaintiff is currently disabled.   In order to find that a child is currently disabled, the ALJ must determine, in this order, (1) whether the child has a severe impairment or combination of impairments, (2) whether the impairment(s) meets or medically equals the severity of any listed impairment, and (3) whether the impairment functionally equals the listings.   20 C.F.R. 416.994a(b)(3) (2006 at 992).

The ALJ determined that plaintiff's difficulty in pronouncing certain words and behavioral issues are severe impairments (R. at 17).   The ALJ found that plaintiff's impairments do not meet or medically equal the severity of any listed impairment (R. at 19).   At the final step, the ALJ determined that plaintiff's impairments are not functionally equal in severity to the listings (R. at 17-20).   Therefore, the ALJ concluded that plaintiff has not been disabled since March 2004 and is no longer eligible for supplemental security income benefits (R. at 20).

**III.  Did the ALJ err in his analysis of the opinions of Dr. Amos?**

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal

4

the listings.  By "functionally equal the listings," the agency
means that the severe impairment must be of listing level
severity, *i.e.,* it must result in marked limitations in two
domains of functioning or an extreme limitation in one domain.
20 C.F.R. § 416.926a(a) (2006 at 926).  The six domains are: (1)
acquiring and using information, (2) attending and completing
tasks, (3) interacting and relating with others, (4) moving about
and manipulating objects, (5) caring for yourself, and (6) health
and physical well being.  20 C.F.R. § 416.926a(b)(1) (2006 at
927).

A child will be considered to have a marked limitation in a
domain when the impairment(s) interferes seriously with the
claimant's ability to independently initiate, sustain, or
complete activities.  The claimant's day-to-day functioning may
be seriously limited when his/her impairment(s) limits only one
activity or when the interactive and cumulative effects of
his/her impairment(s) limit several activities.  Marked
limitation also means a limitation that is more than moderate but
less than extreme.  20 C.F.R. § 416.926a(e)(2) (2006 at 928).

A child will be considered to have an extreme impairment in
a domain when the child's impairment(s) interferes very seriously
with his/her ability to independently initiate, sustain, or
complete activities.  The child's day-to-day functioning may be
very seriously limited when his/her impairment(s) limits only one

5

activity or when the interactive and cumulative effects of his/her impairment(s) limit several activities.  Extreme limitation also means a limitation that is more than marked.  However, extreme limitation does not necessarily mean a total lack or loss of ability to function.  20 C.F.R. § 416.926a(e)(3) (2006 at 928-929).

Plaintiff does not contend that his impairment meets or equals a listed impairment.  Plaintiff asserts that the ALJ erred in discounting the opinions of Dr. Amos, which would support a finding that plaintiff's impairments functionally equal a listed impairment.  The ALJ found that plaintiff did not functionally equal the listings because plaintiff had either no limitation or a less than marked limitation in all six domains (R. at 18-19).

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).  A treating source opinion not entitled to

controlling weight is still entitled to deference and must be

weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of
examination;
(2) the nature and extent of the treatment relationship,
including the treatment provided and the kind of examination or
testing performed;
(3) the degree to which the physician's opinion is supported by
relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon
which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to
support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good

reasons in his decision for the weight he ultimately assigns the

opinion.  If the ALJ rejects the opinion completely, he must then

give specific, legitimate reasons for doing so.  Watkins, 350

F.3d at 1301.

Dr. Amos, a psychologist, saw the plaintiff on nine

occasions between January 2004 and November 2005 (R. at 365).  On

February 10, 2006, Dr. Amos provided the following opinions as to

plaintiff's limitation in the six domains:

| domain | degree of limitation |
|---|---|
| Acquiring & using information | marked |
| Attending & completing tasks | less than marked |
| Interacting & relating with others | extreme |
| Moving about & manipulating objects | extreme |
| Caring for oneself | none |
| Health & physical well-being | marked |

(R. at 310).[2]

The ALJ indicated in his decision his reasons for discounting the opinions of Dr. Amos concerning the degree of limitation by plaintiff in the six domains:

> However, the undersigned notes that this is given little weight, as it is not supported in his own treatment notes or the evidence as a whole. A review of the minimal treatment notes indicate continued improvement without evidence of any significant concerns. These notes indicate some problems at school, but not necessarily at home. However, the teachers have not reported significant problems. He remains in regular education and does not require medication (exhibit 18E, 20E). Although Dr. Amos noted an extreme limitation in moving about and manipulating objects, this has never been a problem raised by any source. Dr. Amos has also noted a marked limitation in acquiring and using information and attending and completing tasks.[3] Again, a review of the school records has never found these to be a problem. He also listed a marked limitation in health and physical well-being. There is no evidence of problems in this area in the school records or in report by the claimant. His general health is good and he does not require regular medical attention...
>
> The initial visit was on January 3, 2004 with Dr. Amos reporting only 9 visits in a 21 month period from January 2004 to November 2005. As noted previously, although Dr. Amos

---

[2]It is not clear from the 1st treatment note whether the initial treatment date was January 3, 2004 or January 3, 2005 (R. at 359).

[3]Actually, Dr. Amos found plaintiff to be less than marked in attending and completing tasks (R. at 310). The ALJ had previously reported this fact correctly in his decision (R. at 16).

completed a functional assessment at the
request of counsel in February 2006
indicating marked and extreme limitations of
function, these are not reflected in the
treatment notes. The treatment notes indicate
continued improvement. These treatment notes
are minimal and do not address issues such as
moving about and manipulating objects which
the doctor opined was an extreme limitation.
Therefore, Dr. Amos' medical opinion is not
supported by the record as a whole and as
such cannot be given controlling weight. The
undersigned notes that there is no reason to
recontact the doctor for additional evidence
or clarification as the assessment was
"adequate" for consideration; however, it is
found to be insufficiently supported by the
records as a whole as noted in 20 CFR
404.1512(e) and 416.912(e).

(R. at 16, 17).

The ALJ issued his decision on April 20, 2006 (R. at 20).

On April 21, 2006, Dr. Amos completed a second form setting forth

his opinions as to plaintiff's limitations in the six domains:

| domain | degree of limitation |
|---|---|
| Acquiring & using information | less than marked<br>[marked 2/06] |
| Attending & completing tasks | less than marked |
| Interacting & relating with others | marked<br>[extreme 2/06] |
| Moving about & manipulating objects | none<br>[extreme 2/06] |
| Caring for oneself | none |
| Health & physical well-being | marked |

(R. at 372, bracketed information shows degree of limitation

found by Dr. Amos on Feb. 10, 2006, if different from April 21,

2006 opinion).  The Appeals Council considered the April 21, 2006
report by Dr. Amos, but found that it did not provide a basis for
changing the ALJ's decision (R. at 5-6, 8).

The ALJ discounted the opinions of Dr. Amos because the ALJ
concluded that the opinions of Dr. Amos regarding plaintiff's
limitations in the six domains were not supported by the
treatment notes of Dr. Amos or the evidence as a whole.  The
treatment notes for the 9 sessions that Dr. Amos had with the
plaintiff are included in the record (R. at 351-359).  The court
has carefully reviewed the treatment notes and found many of the
notes to be illegible; some of the words can be identified, but
other words cannot.[4]  Because many of the treatment notes are
illegible, the court cannot ascertain from the treatment notes
whether they do or do not support the opinions of Dr. Amos.  The
court simply cannot determine, as alleged by the ALJ, that the
treatment notes indicate "continued improvement without evidence

---

[4]Both plaintiff and defendant in their briefs cite to
portions of the treatment notes that they deemed legible or
partially legible in order to support their respective positions
(Doc. 7 at 6; Doc. 8 at 12-13).  However, even those portions
cited by the parties note words that are not legible or reflect
some degree of uncertainty or guesswork as to the meaning of
certain words or abbreviations.

of any significant concerns" (R. at 16).[5] [6]

The ALJ's assertion that the treating source opinions were inconsistent with the treatment notes, and therefore should not be afforded controlling or significant weight, is not borne out by the record.  At most, the treatment notes lack the specificity or clarity to support the opinions of Dr. Amos.  The ALJ acknowledged that the treatment notes were minimal and do not address some of the domains (R. at 16, 17).  At the hearing, the ALJ asked plaintiff and plaintiff's counsel if they could explain the basis for some of the opinions expressed by Dr. Amos (R. at 377-378, 386-390).  However, despite this inquiry by the ALJ, the alleged conflict found by the ALJ between the treatment notes and the opinions expressed by Dr. Amos, and the illegible nature of many of the treatment notes, the ALJ found no reason to recontact Dr. Amos (R. at 17).  At the hearing, plaintiff's counsel offered to send a letter to Dr. Amos requesting an explanation of his opinions, but the ALJ stated that he would "just go with his notes and try to figure out the best as we can" (R. at 377).

---

[5]Portions of the treatment notes cited to by the parties which are partially legible demonstrate both positive improvement and continuing problems, including suspensions and physical acting out (Doc. 7 at 6; Doc. 8 at 12-13).

[6]Although the ALJ stated that the treatment notes indicate "some problems at school but not necessarily at home" (R. at 16), defendant's brief cites to the treatment note of August 29, 2005 indicating that plaintiff was still acting out at home (Doc. 10 at 12; R. at 353).

In the case of <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004), the court discussed the duty to recontact a treating physician or psychologist:

> If evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available. See 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); <u>see</u> <u>also</u> <u>McGoffin</u>, 288 F.3d at 1252 (holding ALJ had obligation to recontact treating physician if validity of his report open to question). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. <u>White v. Barnhart</u>, 287 F.3d 903, 908 (10th Cir.2001).

The court in <u>Robinson</u> then stated that if the ALJ concluded that the treatment provider failed to provide sufficient support for his conclusions about plaintiff's limitations or their severity, the ALJ should have recontacted the treatment provider for clarification of his opinion before rejecting it.  366 F.3d at 1084.  In addition, SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the

12

> case record, the adjudicator must make "every
> reasonable effort" to recontact the source
> for clarification of the reasons for the
> opinion.

1996 WL 374183 at *6.

Because of the alleged conflict found by the ALJ between the
treatment notes and the opinions expressed by Dr. Amos, the ALJ
should have recontacted Dr. Amos in order to clarify the basis
for his opinions.  The ALJ asked both plaintiff and plaintiff's
counsel to explain the basis for the opinions of Dr. Amos, but
refused the request of plaintiff's counsel to seek clarification
from Dr. Amos.  The ALJ also conceded that the treatment notes
were minimal and did not address some of the domains.  A treating
source shall be recontacted when the reports from the medical
source contain a conflict, or when the treatment provider fails
to provide sufficient support for his conclusions about the
severity of plaintiff's limitations.  Furthermore, the largely
illegible nature of the treatment notes also requires that Dr.
Amos be recontacted.  As noted in SSR 96-5p, if the evidence does
not support a treating source's opinion on any issue reserved to
the Commissioner and the adjudicator cannot ascertain the basis
of the opinion from the case record, the adjudicator must make
every reasonable effort to recontact the source for clarification
of the reasons for the opinion.  Finally, the modified findings
by Dr. Amos on April 21, 2006 do not include any explanation for
the changes made from the February 10, 2006 report.  Thus, Dr.

Amos should be recontacted in order to ascertain the basis for the modified findings.  The ALJ therefore erred by failing to recontact Dr. Amos in order to clarify from him the reasons for his opinions.  For this reason, the case shall be remanded in order for the Commissioner to recontact Dr. Amos in accordance with the governing regulations, rulings, and case law.[7]

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the

---

[7]Both the ALJ and defendant in his brief correctly point out that opinion evidence from other medical sources and the school do not support many of the opinions of Dr. Amos.  However, the ALJ discounted the opinions of Dr. Amos based on the ALJ's findings that they were not supported by his treatment notes and because his opinions were not supported by the evidence as a whole.  As noted above, the court could not determine whether the treatment notes did or did not support the opinions of Dr. Amos. Furthermore, the ALJ has an obligation to recontact the treating source when required by the regulations, rulings and case law. This obligation includes situations when the evidence does not support a treating source's opinion on an issue reserved to the Commissioner, and the ALJ cannot ascertain the basis of the opinion from the case record.  SSR 96-5p.  After recontacting the treating source, the ALJ can then determine what weight to give the treating source opinions in light of the explanations provided by the treating source and the other evidence in the case.

recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 24, 2007.

s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge

15